# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

CIVIL ACTION NO. 5:13-CV-00165-JHM

DENNIS BELL                                                                    PLAINTIFF

v.

COUNTRYWIDE HOME LOANS, INC., *et al.*                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss [DN 4] of Countrywide Home Loans, Inc., Bank of America Corporation, and BAC Home Loans Servicing, LP (collectively, the "Defendants"). Plaintiff Bell has responded [DN 5]. Thus, this matter is ripe for decision. For the following reasons, the Defendants' motion to dismiss [DN 4] is **GRANTED**.

## I. BACKGROUND

In this action, Plaintiff Bell challenges the Defendants' standing to foreclose on his three rental properties. Plaintiff generally alleges that fraud was perpetrated by the Defendants in the parties' prior state-court foreclosure proceeding, preventing him from obtaining "a fair and just result." (Compl. [DN 1] ¶ 6.) In specific, Plaintiff alleges fraud as to the ownership of the subject mortgages. According to Plaintiff, the Defendants "asserted that they were the owners of the mortgages" when, in fact, the mortgages had not been assigned to them. (Id. ¶ 9.) Plaintiff also alleges that the Defendants later attempted to cure the problem of not owning the mortgages by getting fraudulent assignments via the Mortgage Electronic Registration System. (Id. ¶ 14.)

The Defendants argue that the Court should dismiss Plaintiff Bell's complaint because: (1) he has not effected proper service under Fed. R. Civ. P. 12(b)(5); (2) pursuant to the Rooker-Feldman doctrine, the Court lacks subject-matter jurisdiction over Plaintiff's attempt to challenge

the state-court judgment; (3) Plaintiff's claims are barred by the doctrine of *res judicata*; and (4) in any event, Plaintiff has failed to state a claim upon which relief can be granted. (See Mem. in Supp. of Defs.' Mot. to Dismiss [DN 4-1] 10.)

## II. PROCEDURAL BACKGROUND

In early 2006, Countrywide declared three mortgages in default and foreclosed against Plaintiff Bell in the McCracken Circuit Court. The actions were consolidated into a single action in October 2006. (See Mem. Op. & Order [DN 4-2] 2.) Bell counterclaimed against Countrywide alleging several claims, including a fraud claim as to Countrywide's ownership of the mortgages. (State-Ct. Ans. & Countercl. [DN 4-3].) Bell also sought declaratory relief and punitive damages. (Id.) Subsequently, Bell obtained a default judgment on his counterclaims. This judgment was later set aside by the McCracken Circuit Court. (State-Ct. Order Vacating Default J. [DN 4-7].)

In the midst of this state-court litigation, Bell filed a lengthy complaint in this Court. Among other claims, Bell alleged a fraud claim premised on the accusation that Countrywide did not hold an actual interest in the mortgages. (Bell v. Countrywide Home Loans, Inc., No. 5:08-cv-00167-JHM [DN 1] 17-18.) In a February 4, 2009 stay order, this Court noted that the claims and issues asserted by Bell in the federal action were "virtually identical" to those already at issue in the state-court foreclosure action. (See id. [DN 48] at 4.) Accordingly, this Court stayed the federal action pending resolution of the parallel, ongoing state-court proceedings. (Id. at 9.)

In an order entered on September 1, 2009, the McCracken Circuit Court dismissed Bell's counterclaims and found that Countrywide was entitled to summary judgment. (Order [DN 4-12].) In that order, the McCracken Circuit Court expressly stated that Countrywide "certainly has standing to bring the action" and denied Bell's "Motion to Dismiss Challenging Standing." (Id. at

2

3.) On November 13, 2009, the McCracken Circuit Court entered judgment in favor of Countrywide and directed the sale of the mortgaged property.[1] (J. & Order of Sale [DN 4-14].)

Bell appealed the McCracken Circuit Court judgment to the Kentucky Court of Appeals. The Kentucky Court of Appeals affirmed the judgment, stating that "Countrywide established its standing" to bring the action and that, in any event, Bell waived its objection to Countrywide's standing by "his prior admissions and through his misconduct in this action." (Ky. Ct. of Appeals Order [DN 4-20] 3.) On March 13, 2013, the Kentucky Supreme Court denied Bell's motion for discretionary review. (Ky. Sup. Ct. Order [DN 4-21].)

After the final resolution of the state-court action, Countrywide renewed its motion to dismiss in this Court. Countrywide mainly argued that Bell's claims were barred by the doctrine of *res judicata* because they were fully and finally resolved by the Kentucky courts. (See Bell v. Countrywide Home Loans, Inc., No. 5:08-cv-00167-JHM [DN 52].) On May 16, 2013, the Court granted this motion to dismiss. (Id. [DN 54].) Bell did not appeal that order. On September 24, 2013, however, Bell filed the instant action. (See Compl. [DN 1].)

### III. DISCUSSION

Plaintiff Bell's claims in this case are premised on the allegation that the Defendants perpetrated fraud as to their ownership of the mortgages and, therefore, did not have standing to bring the state-court foreclosure action. (See Compl. [DN 1].) As should be apparent from the background above, this issue was already fully litigated and resolved in state-court proceedings, in both the McCracken Circuit Court and the Kentucky Court of Appeals. Accordingly, the Court does not have jurisdiction over Plaintiff Bell's complaint under the Rooker-Feldman doctrine.

---

[1] Bell was also involved in two other related bankruptcy proceedings, as well as a brief removal of the McCracken Circuit Court action to this Court. The Court finds it unnecessary to reproduce the details of those proceedings here, but notes that it appears the standing/fraud issue was also litigated in the bankruptcy proceedings.

The Rooker-Feldman doctrine deprives federal courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Therefore, the Rooker-Feldman doctrine requires the dismissal of Plaintiff Bell's complaint. In essence, Bell is asking this Court to sit as a quasi-appellate court and enter an order which will circumvent the state court's final judgment and previous ruling on Countrywide's standing. This is simply impermissible. See, e.g., Givens v. Homecomings Fin., 278 Fed. App'x 607, 608-09 (6th Cir. 2008) (finding that a district court's dismissal under the Rooker-Feldman doctrine was proper because the plaintiff was "effectively attempting to appeal from the state order granting possession to JP Morgan Chase"); McCroy v. N.Y. Bank & Trust Co., 2008 WL 2714116, at *1 (E.D. Mich. July 7, 2008) (dismissing a case under the Rooker-Feldman doctrine when "the issues raised in the complaint are inextricably intertwined with the state court action such that plaintiffs are effectively asking this Court to invalidate the state court foreclosure judgment").

Additionally, the Court finds that the doctrine of *res judicata* requires dismissal of this case, as Plaintiff Bell's claims have already been fully litigated and resolved. Notably, as was discussed above, this Court has previously dismissed these same claims based on the doctrine of *res judicata*. Kentucky courts have held the following with respect to preclusion:

> Claim preclusion bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action. Issue preclusion bars the parties from relitigating any issue actually litigated and finally decided in an earlier action. The issues in the former and latter actions must be identical. The key inquiry in deciding whether the lawsuits concern the same controversy is whether they both arise from the same transactional nucleus of

4

> facts. If the two suits concern the same controversy, then the previous suit is deemed to have adjudicated every matter which was or could have been brought in support of the cause of action.

Yeoman v. Com. Health Policy Bd., 983 S.W.2d 459, 465 (Ky. 1998) (citations omitted). Under Kentucky law, "a final judgment precludes subsequent litigation not only of those issues upon which the court was required to form an opinion and pronounce judgment but also of matters included with those issues and matters that, with the exercise of reasonable diligence, might have been raised at the time." Whittaker v. Cecil, 69 S.W.3d 69, 72 (Ky. 2002).

In this case, both claim preclusion and issue preclusion bar re-litigation of Plaintiff Bell's claim that Countrywide lacked standing and/or engaged in fraud. Bell challenged Countrywide's standing to enforce the mortgages in the McCracken Circuit Court—and it explicitly found that Countrywide "certainly has standing to bring the action." (Order [DN 4-12] 3.) That holding was affirmed by the Kentucky Court of Appeals. (Ky. Ct. of Appeals Order [DN 4-20] 3.) Further, this Court has already dismissed these same claims with prejudice on May 15, 2013. (Dismissal Order [DN 4-24].) Even assuming *arguendo* that Bell was making a new claim in this case, there is no indication he could not have raised this claim in the previous state- or federal-court proceedings. The doctrine of *res judicata* also requires dismissal of Plaintiff Bell's complaint.

Plaintiff Bell argues that the Rooker-Feldman doctrine and the *res judicata* doctrine do not apply when a plaintiff alleges that a state-court judgment was procured by fraud, deception, accident, or mistake. (Pl.'s Resp. to Def.'s Mot. to Dismiss [DN 5].) In support of this argument, he cites *In re* Sun Valley Foods Co., in which the Sixth Circuit held there is "an exception to the general rule that precludes a lower federal court from reviewing a state's judicial proceedings," as a federal court "may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake." 801 F.2d 186, 189 (6th Cir.

1986) (quotation omitted). Plaintiff Bell also cites Riehle v. Margolies, where the Supreme Court noted that the *res judicata* doctrine applies "in the absence of fraud or collusion." 279 U.S. 218, 225 (1929). These cases, however, do not apply here. The "fraud" claim which Bell argues gives this Court jurisdiction was already fully-litigated and resolved in state and federal proceedings. This is not a case where the fraud allegation is a "new" claim that was not previously litigated in prior proceedings. There is no claim of fraud which deceived the state court into a wrong decree. In other words, Plaintiff Bell is not newly asserting that the state-court judgment was procured through fraud; instead, he is again asserting that the Defendants perpetrated fraud as to their ownership of the mortgages and, therefore, did not have standing to bring the state foreclosure action. The Rooker-Feldman doctrine and the *res judicata* doctrine bar Plaintiff from re-litigating this standing/fraud issue.

Because this Court finds that dismissal is required under the Rooker-Feldman and *res judicata* doctrines, it will not address the Defendants' other arguments that Plaintiff Bell's claims are meritless and that his failure to properly serve them requires dismissal of this action.

### IV. CONCLUSION

For these reasons, and consistent with the Court's conclusions above, **IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss [DN 4] is **GRANTED**.

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

June 12, 2014

cc: counsel of record